## IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY GROUNDS and ROSE GROUNDS | * * | |
| Plaintiffs | * * | |
| V. | * * | NO: 4:11CV00381 SWW |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | * * * | |
| Defendant | | |

## ORDER

Before the Court is Plaintiffs' motion for remand or, alternatively, for a continuance of the April 2, 2012 trial date (docket entry #20) and Defendant's response in opposition (docket entries #21, #22). After careful consideration, and for reasons that follow, Plaintiffs' motions are denied.

Plaintiffs filed this breach of contract suit in state court, alleging that Defendant denied their claim for payment under an automobile insurance policy. Plaintiffs also sought punitive damages, alleging that Defendant denied their claim in bad faith. Defendant removed the case to federal court, alleging complete diversity between the parties and an amount in controversy in excess of $75,000. By order entered December 2, 2011, the Court granted the parties' joint motion to dismiss without prejudice Plaintiffs' claim for punitive damages.

Plaintiffs' present motion, filed without a brief and thus not in compliance with Local Rule 7.2, includes no argument or citation to authority with regard to the motion to remand. However, it appears that Plaintiffs believe that federal subject matter jurisdiction is lacking because the dismissal without prejudice of their claim for punitive damages reduced the amount

in controversy below the amount required for diversity jurisdiction.

The jurisdictional amount is determined at the time a suit is removed, and post-removal developments that reduce the amount in controversy do not divest a federal court of subject matter jurisdiction. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 -823 (8th Cir. 2011)(citations omitted). Although post-removal events might be relevant to show that jurisdictional requirements were lacking at the time of removal, Plaintiffs do not argue that the amount in controversy at the time of removal was actually less than required for diversity jurisdiction, and the Court is unable to make such a finding based on the current record.

In support of the request for continuance, Plaintiffs state that Plaintiff Rose Grounds works as a tax return preparer, and the bulk of her annual income is earned from work that she performs each year during the month of April. Defendant opposes a continuance and notes that Plaintiffs waited until thirty days before trial to request a continuance, even though the order setting the trial date was entered on August 15, 2011. Defendant's point is well taken. Additionally, based on Plaintiffs' estimation that the trial of this matter will consume only one day, *see* docket entry #19, the Court does not find that Plaintiffs will suffer financial hardship if the trial proceeds as scheduled.

IT IS THEREFORE ORDERED that Plaintiffs' motion for remand or, alternatively, for a continuance (docket entry #20) is DENIED.

IT IS SO ORDERED THIS 16th DAY OF MARCH, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE